Justice PLEICONES.
I concur in part and dissent in part. I agree with the majority that the Court of Appeals misapplied the law of the case doctrine. I disagree, however, with the majority’s decision to uphold the Court of Appeals’ reversal of the ALC’s denial of respondent’s permit request.
The majority acknowledges that whether Tract D is entitled to share Folly Island’s coastal island exemption found in S.C.Code Ann. Regs. 30 — 1(D)(11) (2011) is a question of fact, which is reviewed under the substantial evidence standard. While the majority views the factual issue as whether Tract D is a “part” of Folly Island or “on and within” that island, in my view the question is whether there is substantial evidence to support the ALC’s finding that the tract is itself a coastal island. Whether a parcel located within the geographic boundaries of a named island is itself a separate coastal island within the meaning of Reg. 30-l(D)(ll), or whether it is not and therefore shares the named island’s exemption, is a question of fact. Risher v. S.C. Dep’t of Health & Envtl. Control, 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011) (“whether or not the Lot is part of Fripp Island is not a legal question that is determined under the rubric of a regulation; instead, it is a *253 finding of fact properly left within the purview of the fact finding body, and only reversible if unsupported by substantial evidence”).
In Risher, we found substantial evidence supported the ALC’s findings that the lot located within the geographic boundaries of Fripp Island did not meet the definition of coastal island under the regulation, and that it was therefore within Fripp’s exemption. Here, as all parties admit, Tract D is entirely surrounded by “coastal tidelands or waters” and is therefore a coastal island as defined by Reg. 30 — 1(D)(11). The ALC’s finding that Tract D is not within Folly Island’s exemption is supported by substantial evidence. Risher, supra. In my opinion, the Court of Appeals erred in reversing the ALC, and the majority also errs by focusing on Tract D’s location rather than on its topography. Id.
Even if the majority’s view prevails, and the ALC’s decision finding Tract D to be a coastal island is reversed, it does not follow that respondent is automatically entitled to the bridge permit she seeks. Instead, the matter should be remanded to DHEC for consideration of the permit request in light of the requirements of S.C.Code Ann. Regs. 30-12(F) (2011), an issue which has not yet been litigated. For the reasons given above, I concur in part and dissent in part.
HEARN, J., concurs.